NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 24-3940 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 1:23-cr-00141-SPW-1 |
| v. | |
| WINDELYN VALDO SHOULDERBLADE, JR., | MEMORANDUM[*] |
| Defendant-Appellant, | |

On Appeal from the United States District Court
for the District of Montana
Hon. Susan Watters, presiding

Submitted May 21, 2025[**]
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Defendant-Appellant Windelyn Valdo Shoulderblade, Jr. is a convicted sex offender who was subsequently convicted by a jury for failing to register under the Sex Offender Registration and Notification Act ("SORNA") from December 2022

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

through November 2023 after traveling from Oklahoma to the Northern Cheyenne Reservation and then to Billings, Montana. *See* 18 U.S.C. § 2250(a). Appellant appeals the district court's denial of his Rule 29 motion for acquittal and the district court's sentence as substantively unreasonable. We review de novo the denial of a Rule 29 motion for acquittal. *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir. 2002) (citing *United States v. Munoz*, 233 F.3d 1117, 1129 (9th Cir. 2000)). We review the reasonableness of the district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We have jurisdiction under 28 U.S.C. § 1291, and we affirm on both grounds.

1.      The district court did not err in denying Appellant's Rule 29 motion for acquittal because, considering the evidence in the light most favorable to the prosecution, the government presented sufficient evidence for a rational jury to find Appellant guilty beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Appellant argues that the prosecution did not establish the third element of the offense—that Appellant "knowingly" failed to register as a sex offender. 18 U.S.C. § 2250(a)(3). Appellant's defense was that he *believed he was registered* because (1) he completed some but not all of the required paperwork with a SORNA compliance officer in February 2023, at which time the officer erroneously deemed him "registered" and "compliant" in an internal log; and (2) he

was fingerprinted, photographed, and had his address verified over the course of his 59 contacts with local law enforcement such that they were aware of his identity, location, and status as a sex offender. Regardless, the prosecution presented sufficient evidence for the jury to find that Appellant knowingly failed to register.

The prosecution presented testimony from a Northern Cheyenne Reservation SORNA compliance officer who described multiple encounters with Appellant beginning January 2023 through March 2023 in which the officer repeatedly notified Appellant that he was not registered and instructed him to go to the local office to complete registration paperwork and provide his fingerprints, and yet Appellant never did. Although the officer testified that he erroneously recorded Appellant as "registered" and "compliant" in an internal log after completing some paperwork in February 2023, the officer subsequently told Appellant that he needed to complete additional paperwork and provide his fingerprints to the local office in order to register.

Further, Appellant admitted on cross-examination that (1) he was aware of the requirement to register as a sex offender within three days of moving to a new jurisdiction (in part because he had previously been convicted of failing to register); and (2) he understood that even after completing some paperwork with the compliance officer, he still needed to come to the local office to provide his

fingerprints and complete additional paperwork in order to register, but that he never did.

The prosecution also presented evidence that, during a law enforcement encounter in Billings in July 2023, a sheriff's officer personally served Appellant with a letter notifying him that he needed to register within 10 days. The officer's testimony, the letter, and the patrol car dashboard footage were admitted into evidence. The footage showed the officer explaining that the letter was a notice requiring Appellant to register as a sex offender and that a warrant would be issued for his arrest if he failed to register as instructed. The footage also showed Appellant stating that he could read and knew where to go to register. But Appellant never registered and was subsequently arrested.

At the close of trial, the jury was instructed that "an act is done knowingly if the defendant is aware of the act and does not fail to act through ignorance or mistake or accident." (citing Model Crim. Jury Instr. 9th Cir. 4.8 (2024)). The district court did not err in denying the motion for acquittal because, viewing the evidence in the light most favorable to the prosecution, a rational jury could have concluded that Appellant knew of his requirement to register, and his failure to do so was not out of ignorance, mistake, or accident. *See Nevils*, 598 F.3d at 1163–64 (quoting *Jackson*, 443 U.S. at 319).

2.      The district court's sentence of 84 months imprisonment followed by 15 years of supervised release was not substantively unreasonable under the totality of the circumstances. *See United States v. Crowe*, 563 F.3d 969, 977–78 (9th Cir. 2009). The district court adopted the Presentence Investigation Report without objection from either party, which assigned Appellant a criminal history score of VI and an offense level of 22, yielding a guidelines range of 84–105 months imprisonment. Appellant requested a downward variance of 30 months imprisonment and five years of supervised release.

In declining to vary downward, the court properly addressed the 18 U.S.C. § 3553 factors, including: the mitigating aspects of Appellant's defense; that the purpose of SORNA was effectively met because law enforcement knew Appellant's whereabouts; the aggravating factors of Appellant's offense in that he had many opportunities to register but did not; and that Appellant had failed to register as early as 2017 and had since committed three new sex offenses while unregistered. *See id.* Under the totality of those circumstances, the district court's sentence within the guidelines range—notably, at the bottom of that range—was not substantively unreasonable. *See Rita v. United States*, 551 U.S. 338, 358 (2007).

**AFFIRMED.**